UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
|     CHARLES E. SCHUCHMAN | : | |
|         Debtor, | : | CASE No. 1:18-bk-02904 HWV |
| | : | |
| M & T Bank | : | |
|     Movant | : | |
| | : | MOTION FOR RELIEF FROM STAY |
| v | : | |
| | : | |
| CHARLES E. SCHUCHMAN | : | |
|   and | : | |
| JOHN P. NEBLETT, ESQ. | : | |
|     Respondents. | : | |

**TRUSTEE'S ANSWER AND OBJECTION TO MOTION FOR RELIEF FROM STAY**

**COMES NOW**, John P. Neblett, the duly appointed Chapter 7 trustee in the above-referenced bankruptcy case, in answer to the above-referenced motion for relief (the "Motion"), avers as follows:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph. By way of further response, a copy of the Deed has not been provided as part of this Motion, and therefore the Trustee is unable to determine whether the Movant believes this property is held individually or jointly. This fact is important; the Debtor has averred the property is owned individually which affects the calculation of equity.

4. Denied. By way of further response, the Note attached as part of the "Loan Documents" exhibit to the Motion identify M & T Mortgage Corporation as the holder of the Note.

However, this action has been brought in the name of M & T Bank, and thus the documents attached to the Motion do not support Movant's claim of secured status. Further, it is specifically denied that the documents provided, which do not match the list in paragraph 4, support Movant's right to relief.

5. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph.

6. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph.

7. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph.

8. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph.

9. The averments of paragraph 9 summarize the contents of a document which speaks for itself, and they are therefore denied. The Debtor has valued the property at $140,000. After reasonable investigation, the Trustee is unable to agree that the value of the property is as stated in paragraph 9.

10. Admitted.

11. Admitted.

12. After reasonable investigation, the Trustee is without information sufficient to form a belief regarding the truth or falsity of the allegation made in this paragraph.

13. Denied. To the extent the allegations in this paragraph state conclusions of law, they are denied. The allegation that there is "minimal" equity is denied as vague and ambiguous, in fact, it appears that even under Movant's assumptions there is adequate equity in the property

to warrant administration by the Trustee. It is specifically denied that the Movant is not adequately protected.

      14.    Denied as a conclusion of law.

WHEREFORE, the Trustee requests that this Court deny the relief sought.

                      Respectfully submitted,

Date: August 29, 2018

/s/ John P. Neblett
John P. Neblett
P.A. I.D. No. 80036
P.O. Box 490
Reedsville, PA 17084
(717) 667-7185
jpn@neblettlaw.com
Chapter 7 Trustee